IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALBERT L. THOMAS,

    PLAINTIFF,

vs.                                          CASE NO. CV-10-J-228-S

CHEMICAL LIME COMPANY,

    DEFENDANT.

## MEMORANDUM OPINION

Pending before the court are defendant Chemical Lime Company's motion for partial summary judgment (doc. 35), a memorandum in support of said motion (doc. 37), evidentiary submissions in support of said motion (doc. 38), plaintiff's opposition (doc. 40), evidentiary submissions in support of said opposition (docs. 41, 43), and defendant's reply (doc. 58).

### Factual Background

The pertinent facts, taken in the light most favorable to the plaintiff, are as follows:[1]

Plaintiff Albert Thomas ("Thomas"), an African American, worked for

---

[1] Although plaintiff has made claims stemming from both his demotion and his subsequent termination, *see* Compl., defendant's motion for partial summary judgment refers only to plaintiff's demotion claims, *see* Def.'s Brief. Thus, this court refers only to those facts relevant to those claims.

defendant Chemical Lime Corporation ("Chemical Lime") at its Alabaster, Alabama plant for nearly twenty-five (25) years. Thomas Depo. 24–25, 38. Thomas began as a laborer but quickly advanced to the highest paid hourly production job, called Control Room Operator ("Burner"), which he held for twenty-three (23) years until defendant demoted him to laborer in August 2008. Thomas Depo. 37.

In 2007 a new management team took over at the Alabaster Plant. This team was led by Plant Manager Vince Willis ("Willis"). Thomas Depo. 40; Willis Depo. 8–9, 13. Willis hired Michael Fix ("Fix") as the Production Manager; Fix started in September 2008. Fix Depo. 32, 35; Willis Depo. 17–18, 23. Fix supervised Production Supervisors David Yearber ("Yearber"), Don Taylor, Desmond Oden, and Greg Roddy. Fix Depo. 36–37; Willis Depo. 25. Prior to his demotion from the Burner position, Thomas reported directly to Oden. Thomas Depo. 99; Oden Depo. 22.

On July 10, 2008, Thomas found a white sheet fashioned into what he believed to be a Ku Klux Klan ("KKK") hood hanging on his locker. Thomas Depo. 262, 268. The next day, Thomas showed the hood to Yearber, asking "[W]hat is this . . . ?"; Yearber held it up to his face, said "boo," and waved it in Thomas's face. Thomas Depo. 262. On July 13, 2008, Thomas reported the

incident to Willis, who said he would take care of it. *See* Thomas Depo. 265.

On August 15, 2008, Willis demoted Thomas from Burner down to a day-shift labor position. Willis Depo. 121. Thomas claims this demotion was discrimination based on race, discrimination based on age, and was in retaliation for his complaint about the incident involving the KKK hood. Pl.'s Brief at 14–22. Chemical Lime claims Thomas's demotion was based on an incident which occurred during Thomas's shift on the night of July 31, 2008, in which the kiln was shut down for an extended period of time. Def.'s Brief at 6–9.

## Standard of Review

A moving party is entitled to summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts, and any reasonable inference therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970). Once met by the moving party, however, the burden shifts to the nonmovant to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080

(11th Cir. 1990). A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).

## Conclusion

Plaintiff concedes that he was not demoted because of his race. Pl.'s Brief at 14 n.4. Thus, the court finds that plaintiff's racial discrimination claim stemming from his demotion fails as a matter of law. The court further finds that genuine issues of material fact exist on the remaining demotion claims. Thus, the court **ORDERS** that defendant's motion for partial summary judgment (doc. 35) be **GRANTED IN PART**, in that summary judgment be granted to defendant on plaintiff's racial discrimination claim stemming from his demotion. The court shall so rule by separate order.

**DONE** and **ORDERED** on this the 16th day of December 2010.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　INGE PRYTZ JOHNSON
　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE